UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>AMAECHI ANTWAN AHUAMA,<br><br>*Defendant.* | Crim. Action No.: 13-38 (3) (PGS)<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on an application by Defendant Amaechi Antwan Ahuama seeking early termination of supervised release.

Based on an advanced fee fraud scheme (18 U.S.C. § 1956(a)(1), Ahuama was sentenced to a 48 month prison term, restitution of $698,615.63, and three years of supervised release.

Ahuama has completed his term of imprisonment and about two years of his supervised release. Presently, Ahuama has been rehired by a used car company in Loganville, Georgia, and he has been awarded partial custody of his son. In addition, Ahuama assists his mother by helping her manage her household. Ahuama's restitution payments are current-- albeit only a small fraction of the total restitution has been paid (approximately $3,890 of $700,000 imposed).

Probation Officer Williams reports that there are no new criminal charges against Ahuama, and he is considered a low risk of recidivism and is part of the low risk caseload. Moreover, Officer Williams states that outside of the underlying conviction, Ahuama has had no other criminal activity. As such, Williams "do[es] no have any objection to . . . early termination."

1

## II.

This Court may terminate a term of supervised release prior to its expiration. The statute provides, in relevant part:

> The court may, after considering the factors set forth in [18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). Generally, the Court has discretion to consider all relevant circumstances in determining whether early termination is appropriate. *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018); *United States v. Emmett*, 749 F. 3d 817, 819 (9th Cir. 2014).[1]

Here, Ahuama has served his sentence and has completed approximately two thirds of his supervised release. He resides with his mother, is employed, cares for his child, and is acting in accordance with the law. As such, Ahuama is not a substantial risk to society, and the goals of the sentence have been met.

On the other hand, Ahuama owes a substantive amount of restitution, and to relieve him of his supervised release obligation early may jeopardize his future monthly payments. However, he is making his monthly payment currently, and the government has other means to seek redress if payment discontinues.[2]

---

[1] Recently, the Third Circuit changed the standard from one of exceptional circumstances to one within the district court's discretion to consider a wide range of circumstances, in order to grant early termination. *U.S. v. Melvin*, 978 F. 3d 49, 53 (3d Cir. 2020).

[2] Ahuama instituted a foundation to promote more comprehensive educational opportunities for Nigerian children. One may argue that funds to pay restitution may be diverted to the foundation contrary to the interests of the victims. No party has presented any such evidence, and so long as he continues to pay his monthly restitution amount, there is no adverse impact.

As such, supervised release is terminated by the Order below.

ORDER

This matter having come before the Court on the application of the defendant, Amaechi Ahuama, by his attorney, Lorraine Gauli-Rufo, seeking the termination of Mr. Ahuama's period of supervised release in the above matter, and Daniel Shapiro, AUSA, appearing on behalf of the Government, having objected to the termination of supervised relief, and the parties having submitted briefs on the matter, and the Court having held oral argument on the matter on September 15, 2021, and United States Probation not being present and taking no position on the termination of Mr. Ahuama's termination of supervised release, and for the reasons set forth above, and for other good cause shown,

IT IS on this 18th day of October, ORDERED that Mr. Ahuama's period of supervised release is hereby terminated.

_____
PETER G. SHERIDAN, U.S.D.J.